**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48759**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 25, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JON CURTIS MAY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael P. Tribe, District Judge.

Order denying motion to return property, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jon Curtis May appeals from the district court's order denying his motion to return property. Mindful of the deference given to a trial court's credibility determinations, May alleges the court erred in denying his motion. Because the property at issue did not belong to May, the district court did not err and the order denying the motion to return property is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Van Leeuwen of the City of Rupert Police Department was investigating May for his involvement in an ongoing check-fraud scheme. Officer Van Leeuwen asked Detective Murphy of the Minidoka Sheriff's Office to help arrest May. After arriving at the designated location, Detective Murphy saw May leaving a residence and arrested him on an outstanding parole warrant. May attempted to flee, dropping a duffel bag, briefcase, and small safe that he had been

1

carrying.  Other officers arrived at the scene.  The officers searched May and the items he dropped; May admitted that he owned the items in the duffel bag, but disclaimed ownership of the contents of the briefcase and safe.  The officers found various controlled substances and drug paraphernalia in the duffel bag and evidence related to the check-fraud investigation in the safe and briefcase.  The Minidoka Sheriff's Office retained custody of the evidence of drug contraband found in the duffel bag, while the evidence related to the check-fraud investigation was turned over to the Rupert police.

May was charged with two felony counts and one misdemeanor count of possession of a controlled substance, misdemeanor possession of drug paraphernalia, and misdemeanor resisting and/or obstructing an officer along with being a persistent violator.  Pursuant to a plea agreement, May pled guilty to one count of felony possession of a controlled substance and the State dismissed the other charges.  The district court sentenced May to a four-year determinate sentence and imposed court fees and costs.

Shortly after the judgment of conviction was entered, May filed a motion to return property claiming officers seized money from May on the day of his arrest and requesting it be returned and applied to the fees and costs.[1]  In an accompanying affidavit, May stated officers seized $2,318.00 from his wallet.  The State objected to May's motion arguing that the $2,318.00 was found in the safe, not May's wallet, and because May disclaimed ownership of the safe and its contents, the money did not belong to him.

The district court held a hearing on May's motion at which May, Officer Van Leeuwen, Detective Murphy, and Officer Koyle (who transported May to the jail after his arrest) testified.  May testified that his wallet contained $2,318.00 in cash, officers removed the wallet from his person during a pat down search, and Officer Murphy proceeded to confiscate and count the cash at the scene.  May also testified that although the safe was not his property and he did not know its contents, he knew the safe only contained papers and no cash.  May's testimony conflicted with that of the three officers.  Officer Van Leeuwen testified the $2,318.00 was found in the safe, not May's wallet, and this was the only cash found during the search.  Officer Murphy testified that he remembered a wallet and cash being found, but could not remember where either was located

---

[1]     May did not provide authority under which he pursued his motion to return property. However, the district court found that May filed the motion pursuant to Idaho Criminal Rule 41.1, a finding which May adopts on appeal.

2

and did not see the cash himself. Officer Koyle testified that he searched May at the scene and inventoried all of May's personal property upon arrival at the jail, including May's wallet and its contents, and did not find any cash in the wallet or on May's person.[2]

The district court found that the officers' testimony was credible and May's testimony was both contradictory and inconsistent and therefore was not credible. Noting it must rely on the testimony of the witnesses it found to be credible, the district court found the $2,318.00 was located in the safe and not in May's wallet. The district court found that the safe and its contents did not belong to May because, first, May disclaimed any interest in it and, second, it contained personal items that belonged to other individuals; thus, it was likely the cash belonged to those individuals as well. Finally, the district court found May's motion was "nothing more than an attempt by [May] to claim $2,318.00 that is not his, and a continuation of his criminal behavior and thinking." Accordingly, the district court denied May's motion to return property. May timely appeals.

## II.

## STANDARD OF REVIEW

The decision to grant or deny a motion to reclaim property pursuant to Idaho Criminal Rule 41.1 is left to the discretion of the trial court. I.C.R. 41.1(b). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

"Mindful of the deference given to the trial court's decisions regarding witness credibility," May alleges the district court erred by denying his motion to return property because the $2,318.00 in cash was removed from his wallet, not from the safe. In response, the State argues May failed to show the district court erred.

Idaho Criminal Rule 41.1(a) provides that at any time after a criminal action begins, any interested party or person may apply to the trial court for an order permitting the party or person

---

[2] Officer Koyle testified that he found twenty-five cents on May's person.

3

to reclaim: (1) exhibits offered or admitted in evidence; (2) documents or property displayed or considered in connection with the action; or (3) any property in the possession of any department, agency, or official who is holding the property in connection with the trial of the criminal action. Pursuant to the rule, the trial court may grant the motion on any conditions and under any circumstances it deems appropriate. I.C.R. 41.1(b). This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

Here, the district court made credibility determinations and, as a result of these credibility determinations, concluded that the officers found the cash at issue in the safe, which May disclaimed any interest in. We defer to the credibility determinations made by the trial court and will not reweigh the evidence. Therefore, the district court did not abuse its discretion in finding the $2,318.00 in cash was found in the safe and did not belong to May. The district court did not err in denying May's motion to return property.

## IV.

## CONCLUSION

The district court did not abuse its discretion by finding the cash at issue did not belong to May. Therefore, the district court did not err in denying May's motion to return property and accordingly, the order denying the motion is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.